UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| CHRISTINE TAVARES, | CASE NO. C17-1599-MJP |
|---|---|
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DENYING DEFENDANT'S MOTION FOR ADDITIONAL TIME |
| v. | |
| ALABAMA HOUSING FINANCE AUTHORITY, | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiff's Motion for a Temporary Restraining Order (Dkt. No. 6) and Defendant's Motion for Additional Time to respond (Dkt. No. 12.) Having considered the motions, the responses, and all related papers, the Court DENIES Defendant's Motion for Additional Time and GRANTS Plaintiff's Motion for a Temporary Restraining Order.

**Background**

Plaintiff Christine Tavares brings suit against Defendant Alabama Housing Finance Authority d/b/a ServiSolutions ("AHFA" or "Defendant") for unfair and discriminatory

mortgage lending practices and moves for a TRO to halt the non-judicial foreclosure sale of her home in Mount Vernon, Washington. (See Dkt. No. 6.)

In March 2014, Plaintiff and her then domestic partner (the "co-borrower") purchased the property with an FHA Insured Loan. (Dkt. No 1 at 3-4, 12.) Plaintiff timely paid the monthly mortgage payments during the following year. (Id. at 4.) After Plaintiff and the co-borrower separated, the co-borrower continued to make payments on the property until approximately April 2016, when he began paying Plaintiff monthly child support payments instead. (Id. at 4-5.) Around this time, Plaintiff contacted Defendant to request a loan modification. (Id.) Defendant refused and informed Plaintiff she would have to default before she could make the request. (Id.) After defaulting, Plaintiff again requested a modification. (Id.) Defendant informed Plaintiff that it would require a quitclaim deed from the co-borrower and that the co-borrower's child support payments would not be included in its calculation of Plaintiff's income. (Id.)

In May 2017, Plaintiff engaged a housing counselor to assist her in requesting a modification. (Id.) Defendant attempted to dissuade her from using a housing counselor and informed her it would no longer require a quitclaim deed from the co-borrower. (Id. at 5-6.)

In June 2017, Plaintiff submitted a modification application. (Id. at 6.) Plaintiff alleges she had sufficient income to qualify under the FHA Home Affordable Modification Program ("HAMP"). (Id. at 6.) Defendant never responded, other than to reject Plaintiff's inclusion of the co-borrower's child support payments in her calculation of income. (Id.)

In September 2017, Plaintiff submitted another modification application. (Id.) Defendant again denied her request. (Id. at 6-7.)

Plaintiff contends that Defendant's failure to apply for a claim against the FHA's Mutual Mortgage Insurance Fund and its eighteen-month delay in accurately assessing her eligibility for a loan modification have (1) increased the principal and accrued interest on her loan and (2) delayed resolution past the expiration of HAMP, precluding her participation in the program. (Id. at 5, 7, 11; Dkt. No. 6 at 3.) Plaintiff asserts claims under Washington's Consumer Protection Act ("WCPA") and the Equal Credit Opportunity Act ("ECOA"); claims for discrimination based on race, color, or national origin under 42 U.S.C. § 2000d and the Fair Housing Act; and a claim for the tort of outrage. (See Dkt. No. 1.)

On October 27, Plaintiff filed this Motion seeking a temporary restraining order to halt the non-judicial foreclosure sale of her home, which was originally scheduled for November 17, 2017. (Dkt. No. 6 at 3.) That same day, Plaintiff served the Motion and supporting documents on North Cascade Trustee Service ("NCTS"), the trustee appointed by Defendant. (See Dkts. No. 8, 9.) On October 30, 2017, the Court issued a Minute Order directing Defendant to file any response by November 3. (Dkt. No. 10.) On October 31, Plaintiff served the Motion on Defendant at its offices in Montgomery, Alabama. (Dkt. No. 14.) Defendant did not file a response by November 3, but instead filed a Motion for Additional Time on November 9. (Dkt. No. 12.) The Court stayed the foreclosure sale and issued an Order to Show Cause regarding Defendant's request. (Dkt. No. 15.) In response, Defendant claimed it was unable to timely respond due to inadequate service of process. (See Dkt. No. 16.) In particular, Defendant claimed that Plaintiff's service on NCTS and AHFA did not satisfy the requirements of RCW 61.24.130(2) or Fed. R. Civ. P. 4(h), because neither of the individuals who accepted service were officers, managers, or registered agents authorized to do so. (Id. at 3-4.)

**Discussion**

I. **Motion for Additional Time**

Defendant has not established that it is entitled to additional time to file a response to Plaintiff's Motion for a Temporary Restraining Order. Defendant and its trustee were properly served under both RCW 61.24.130(2) and Fed. R. Civ. P. 4(h). Local Rule 65(b)(1) is inapplicable because Plaintiff's Motion was not issued without notice. (See Dkt. No. 15; LCR 65(b)(1).) Defendant's failure to file a timely response appears to be the result of its own lack of diligence. Therefore, the Court DENIES Defendant's Motion for Additional Time.

II. **Temporary Restraining Order**

The Court considers four factors in examining Plaintiff's request for a TRO: (1) likelihood of success on the merits; (2) likelihood of irreparable harm; (3) the balance of equities; and (4) the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

    a. **WCPA**

To state a cause of action under the WCPA, Plaintiff must establish: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causing injury to Plaintiff's business or property; and (5) causation. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).

The Court concludes that Plaintiff has established a likelihood of success on the merits of her claim under the WCPA. Defendant is alleged to have engaged in an unfair or deceptive act or practice by failing to adequately or timely assess Plaintiff's eligibility for a loan modification, providing inaccurate and incomplete information, and attempting to discourage her from using a housing counselor. Defendant's practices caused the principal and accrued

interest on Plaintiff's loan to increase and precluded her participation in HAMP. See U.S. Bank, N.A. v. Tait, No. C16-767JCC, 2016 WL 5141990, at *2 (W.D. Wash. Sept. 21, 2016) (increase in principal and interest may constitute injury under WCPA); Frias v. Asset Foreclosure Servs., Inc., 181 Wn.2d 412, 431-32 (2014) (loss of more favorable loan modification terms may constitute injury under WCPA). To the extent that Defendant's practices undermine the purposes of Washington's Deeds of Trust Act (which include providing an efficient and inexpensive process and an adequate opportunity for borrowers to prevent wrongful foreclosure), they impact the public interest. Bain v. Metro. Mortg. Grp., Inc., 175 Wn.2d 83, 94 (2012) (citing Cox v. Helenius, 103 Wn.2d 383, 387 (W.D. Wash. 2010)).

The Court also concludes that Plaintiff has satisfied the remaining requirements for injunctive relief. If a TRO does not issue, Plaintiff faces irreparable harm in the form of losing her home and being displaced along with her minor children. See Brewster v. Seaside Trustee of Wash., Inc., No. C16-5732BHS, 2016 WL 8738696, at *2 (W.D. Wash. Oct. 17, 2016). Defendant failed to timely respond, and therefore has not demonstrated it will suffer any prejudice if foreclosure is delayed. Avoiding unnecessary foreclosure sales and precluding unfair and deceptive acts and practices by mortgage lenders further the public interest.

Having found that Plaintiff is entitled to injunctive relief based upon her claims under the WCPA, the Court GRANTS Plaintiff's Motion for a Temporary Restraining Order halting the non-judicial foreclosure sale of her home.

**III.    Monthly Payments on the Loan Balance**

The Deeds of Trust Act ("DTA") governs the procedure for non-judicial foreclosures in Washington. Cox, 103 Wn.2d at 388. Under the DTA, the Court may restrain a sale only if

the plaintiff periodically pays to the Clerk of Court the amount due under the loan were the property not being foreclosed on. RCW 61.24.130(1)(a). While Plaintiff requests that she be excused from this requirement, "[t]he deed of trust act makes clear that making monthly payments to the court registry is a prerequisite to obtaining an injunction." Moon v. GMAC Mortg. Corp., No. C08-969Z, 2008 WL 4741492, at *4 (W.D. Wash. Oct. 24, 2008); see also Wheeler v. Wells Fargo Home Mortg., Inc., No. C14-117RSL, 2014 WL 442575, at *2 (W.D. Wash. Feb. 4, 2014) (failure to pay the clerk the appropriate sum "is fatal to Plaintiffs' claim for an injunction because the DTA provides the only means by which one can seek to enjoin a trustee's sale."). As of October 16, 2017, the monthly amount due under Plaintiff's loan appears to be $2,302.66. (See Dkt. No. 5-5 at 1).

Therefore, the Court ORDERS Plaintiff to pay the Clerk of Court $2,302.66, due on the fifteenth (15) day of each month pending resolution of this action on the merits.

**Conclusion**

Because Defendant has not established that service was improper or that it did not have an opportunity to timely respond, the Court DENIES Defendant's Motion for Additional Time. Because Plaintiff has established she is entitled to a temporary restraining order with regard to at least her claim under the WCPA, the Court GRANTS Plaintiff's Motion for Injunctive Relief. As a condition of granting the temporary restraining order, the Court orders Plaintiff to pay the Clerk of Court $2,302.66 monthly, due on the fifteenth (15) day of each month, pending resolution of this action on the merits.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 27, 2017.

Marsha J. Pechman
United States District Judge