UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINE TAVARES,<br><br>    Plaintiff,<br><br>  v.<br><br>ALABAMA HOUSING FINANCE AUTHORITY,<br><br>    Defendant. | CASE NO. C17-1599-MJP<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT WITH REFERRAL TO BANKRUPTCY COURT FOR ALL PRE-TRIAL PROCEEDINGS |

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint. (Dkt. No. 24.) Having considered the Motion, the Response (Dkt. No. 26), the Reply (Dkt. No. 28), and all related papers, the Court hereby GRANTS the Motion and REFERS this case to the Bankruptcy Court for all pre-trial proceedings.

**Background**

Plaintiff is the co-owner of a residential property in Mount Vernon, Washington (the "property"), which she purchased with a loan serviced by Alabama Housing Finance Authority d/b/a ServiSolutions ("AHFA" or "Defendant"). (Dkt. No. 1 at 3-4, 12.) Around April-June 2016, Plaintiff contacted AHFA to request a loan modification. (Id. at 5.) AHFA refused, and

informed Plaintiff that if she wanted a modification, she would have to first default. (Id.) After defaulting, Plaintiff again requested a modification. (Id.) AFHA then informed her that it required a quitclaim deed from the co-borrower and that the co-borrower's child support payments could not be relied upon in calculating her income. (Id.)

In September 2016, Plaintiff filed a voluntary petition for Chapter 7 bankruptcy, on which she listed the property as an asset. (Dkt. No. 26 at 2; see also In re Tavares, Case No. 16-14901-MLB (Bankr. W.D. Wash.).) AHFA moved the Bankruptcy Court for relief from the automatic stay to foreclose upon the property. (Dkt. No. 26 at 2; see also Dkt. No. 21-3.) The Bankruptcy Court granted the motion in November 2016. (Dkt. No. 26 at 2; see also Dkt. No. 21-4.) In March 2017, Plaintiff's bankruptcy was discharged. (Dkt. No. 25 at 6.) In May 2017, the Bankruptcy Court appointed a relator to sell the property. (In re Tavares, Case No. 16-14901-MLB, Dkt. Nos. 34, 38 (Bankr. W.D. Wash.).)

Once her debt was discharged in bankruptcy, Plaintiff continued to seek a loan modification, and in May 2017, engaged a housing counselor to assist in the process. (Dkt. No. 1 at 5.) Plaintiff alleges AHFA attempted to dissuade her from using the housing counselor, and informed her it would no longer require a quitclaim deed from the co-borrower. (Id. at 5-6.) In June 2017, Plaintiff submitted a modification application. (Id. at 6.) Plaintiff alleges she had sufficient income to qualify under the FHA Home Affordable Modification Program ("HAMP"). (Id. at 6.) Plaintiff alleges AHFA never responded to the application, other than to reject Plaintiff's reliance on child support payments in calculating her income. (Id.) In September 2017, Plaintiff submitted another modification application. (Id.) AHFA denied the application in October 2017, but did not provide an explanation of the basis for denial. (Id. at 6-7.)

1       Plaintiff filed this action on October 27, 2017, alleging that AHFA's failure to apply for a claim against the FHA's Mutual Mortgage Insurance Fund and its eighteen-month delay in accurately assessing her eligibility for a loan modification (1) increased the principal and accrued interest on her loan and (2) delayed resolution past the expiration of HAMP, precluding her participation in the program. (Id. at 5, 7, 11; Dkt. No. 6 at 3.) Plaintiff asserted claims under Washington's Consumer Protection Act ("WCPA") and the Equal Credit Opportunity Act ("ECOA"); claims for discrimination based on race, color, or national origin under 42 U.S.C. § 2000d and the Fair Housing Act; and a claim for the tort of outrage. (See Dkt. No. 1.)

      On December 6, 2017, Defendant moved to dismiss under Rules 12(b)(1) and 12(b)(6). (Dkt. No. 21.) On December 18, 2017, Plaintiff filed this Motion for Leave to Amend. (Dkt. No. 24.) AHFA opposes the motion, and argues that (1) this Court does not have subject-matter jurisdiction to hear this case and (2) the case should be referred to the Bankruptcy Court. (See Dkt. No. 26.)

## Discussion

### I. Motion to Amend

      In general, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(2). The Court considers the following factors when leave to amend is requested: (1) bad faith, (2) undue delay, (3) prejudice to opposing party, (4) futility of amendment, and (5) whether the complaint was previously amended. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Absent a strong showing of any one of these factors, there is a presumption that leave to amend should be granted. Id.

Plaintiff seeks leave to amend to add (1) factual allegations in support of her discrimination claims, and (2) a claim under the Real Estate Settlement Procedures Act ("RESPA"). (Dkt. No. 24 at 1; see also Dkt. No. 24-1.) Plaintiff has not amended her complaint previously, and it is undisputed that the motion is not brought in bad faith or for purposes of delay. (See Dkt. Nos. 24, 26.) However, AHFA opposes the motion, and argues that the proposed amendments are futile because this Court lacks subject matter to hear the case. (Dkt. No. 26 at 1-4.) Essentially, AHFA claims that because the Bankruptcy Court previously exercised in rem jurisdiction over the property, the prior exclusive jurisdiction doctrine applies. (Id.) Plaintiff responds that the Bankruptcy Court lifted its automatic stay, and that resolution of Plaintiff's claims does not require determination of interests in the property. (Dkt. No. 28 at 2.)

The Court finds that it has subject-matter jurisdiction to hear this case, and to rule on Plaintiff's Motion for Leave to Amend. The Bankruptcy Court relinquished its exclusive jurisdiction over the property when it lifted the automatic stay to allow AHFA to foreclose upon the property. See In re Mellor, 31 B.R. 151, 154 (9th Cir. B.A.P. 1983), rev'd on other grounds, 734 F.2d 1396 (9th Cir. 1984) ("Although a non-bankruptcy court may not, by its own power, choose to exercise in rem jurisdiction over estate property . . . nothing prevents a bankruptcy court from surrendering its exclusive jurisdiction in appropriate circumstances. . . . Once [an] automatic stay has been terminated, with respect to an action against estate property, there is no question that the party requesting that termination may subsequently seek relief against the subject property in a non-bankruptcy court."); see also Wilson v. Bill Barry Enters., Inc., 822 F.2d 859, 860 (9th Cir. 1987) (bankruptcy court "relinquished its jurisdiction when it granted relief from the automatic stay"); Chao v. Hosp. Staffing Servs., Inc., 270 F.3d 374, 383 (6th Cir. 2001) ("[T]he exclusivity of the bankruptcy court's jurisdiction reaches only as far as the

automatic stay provisions of 11 U.S.C. § 362. . . . [I]f the bankruptcy court grants relief from the stay with respect to certain property or claims . . . [its] jurisdiction is concurrent with that of other courts of competent jurisdiction.") (citations omitted).

Therefore, the Court finds that Plaintiff's proposed amendments are not futile, and GRANTS Plaintiff's Motion for Leave to Amend.

## II. Motion to Transfer to Bankruptcy Court

AHFA contends that, even if this Court has subject matter jurisdiction, the case should nonetheless be referred to the Bankruptcy Court.

Local Civil Rule 87 provides that "this court hereby refers to the bankruptcy judges of this district all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to a case under Title 11." LCR 87(a). The Bankruptcy Court has "related to" jurisdiction over a claim that arises while the bankruptcy is pending where

> the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

In re Marshall, 600 F.3d 1037, 1055 (9th Cir. 2010) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).

While each of Plaintiff's claims accrued after her bankruptcy was discharged (Dkt. No. 28 at 2-3), they are clearly "related to" her bankruptcy case. The property in dispute is part of the bankruptcy estate, and the outcome of this case could conceivably affect the administration of the estate. (See Dkt. No. 21-2.) Additionally, although the Bankruptcy Court found that the property was not necessary for reorganization and in this regard lifted the automatic stay (Dkt. No. 21-4), it later approved a request by the bankruptcy trustee to employ a realtor to sell the property. (Dkt. No. 21-5.) As AHFA notes, there is clearly tension between this Court's order

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT WITH REFERRAL TO BANKRUPTCY COURT FOR ALL PRE-TRIAL PROCEEDINGS - 5

enjoining a foreclosure sale of the property and the Bankruptcy Court's order authorizing its sale. (See Dkt. No. 26 at 2-3.)

Therefore, the Court REFERS this case to the Bankruptcy Court for all pre-trial proceedings in accordance with this Order.

**Conclusion**

Having found that Plaintiff's proposed amendments are not futile, the Court GRANTS Plaintiff's Motion for Leave to Amend the Complaint. Having found that the outcome of this case could conceivably have an effect on an estate being administered in bankruptcy, the Court REFERS this case to the Bankruptcy Court for all pre-trial proceedings.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 8, 2018.

Marsha J. Pechman
United States District Judge